Cumberland. Thank you, Your Honor, and good afternoon. May it please the Court. The appellee, as well as district court, cited the Prince Ridge v. Oppidan case as primary authority for finding that if a transaction is predominantly involving real estate, that Section 442D of the New York Real Property Law prevents a commission from being paid if the person seeking it doesn't have a broker's license. Our case is significantly different, and I'd like to start by distinguishing that case. In the Prince Ridge case, the plaintiff sought out buyers for specified property by the seller and then took a commission, or they called it a success fee. And this Court, as well as district court, correctly decided that you can call a commission or a finder's fee by a different name that doesn't change what it is. Our case, however, is significantly different. In this case, the Howard Carr Companies was given specific criteria for determining whether a property is suitable for the siting of a Cumberland Farms convenience store. They identified 126 different sites that were suitable, or at least met most of the criteria, and they gave that list to Cumberland Farms. There was never an expectation that Cumberland Farms would certainly buy all of those, and, in fact, they did not. Moreover, based on what the Howard Carr Companies was given, they did not have the authority to enter into negotiations on behalf of Cumberland Farms for these sites. The expectation was is that Cumberland Farms would decide which sites they were interested in, and then Howard Carr Companies would either broker on behalf or negotiate on behalf of the sellers or the buyer, Cumberland Farms. So the real estate commission would not have come until a separate agreement had been reached. Cumberland Farms cut Howard Carr Companies out of the transactions, bought them without after informing the Howard Carr Companies that they were not going to buy these properties, and then they bought them. So what we are seeking is a cause, or what we have filed is a cause of action sounding in quantum merit based on the efforts that the Howard Carr Companies put forth to identify the sites. We arrived at the damages by calculating what the Howard Carr Companies would have earned in a commission had the deal, had they been able to continue with the transactions, but they were cut out. So, therefore, because we are not seeking a commission, we believe that Section 442D of the real property law simply doesn't apply to our case. Sotomayor Are your services essentially those of a finder, then, that you're seeking compensation for? Fisher Not in the same way that was decided in the Prince Ridge case. In that case, they were finding buyers for properties offered by the defendant. In this case, yes, they were finding properties, but they were identifying specific properties that met the criteria set forth by Cumberland Farms. Sotomayor But the New York courts have specifically said that it doesn't matter if you characterize a real estate service as that of a finder rather than a broker. You still have to be licensed. And it seems to me particularly problematic when you're saying that the value of what you offered is measured by what a brokered, completed deal would be. Fisher Yes, Your Honor, except that in this case, there were they yes, they found properties, so they were, but they were not entering into negotiations to purchase the properties. They simply compiled a list and told Cumberland Farms, here it is, and Cumberland Farms then decided which, if any, of the properties that they wanted to, they wanted to. Sotomayor How is the value of that service the equivalent of brokering the deal? Fisher Well, if the Howard Car Companies had been allowed to continue to participate, the second step would have been to either enter into a brokerage agreement with Cumberland Farms, the buyer's agent, or enter into an agreement with the sellers. Sotomayor You never could have done that because you're not a licensed broker. Fisher Well, Your Honor, in fact, they are a licensed broker. Sotomayor That's no part of the record in this case, right? Fisher Well, we did argue that it is engaged in the business of brokering commercial real estate transactions. Sotomayor It's not allowed to do without a license. Fisher Correct. Sotomayor And you never alleged that you have a license. Fisher The appellee says that anybody can claim to be engaged in real estate brokering without a license. Well, you can also we could have alleged anybody can allege that they have a license. In this case, we made the statement that they are engaged in real estate brokering. And, you know, we couldn't have made that statement unless we were licensed, or Howard Car Companies was licensed. My last point is Sotomayor Did you ever offer to amend your complaint to specifically say that? Fisher Your Honor, in our responding papers to the motion, we still did not believe that 442 applied. I did specifically ask in my final motion papers that if the court found that the defect, I did ask for permission to file an amended complaint. Everybody knows exactly which paragraph I would have had to amend. There would have been no prejudice whatsoever by allowing us to amend, even though I didn't attach the proposed amended. Sotomayor What's disquieting, though, is you're saying things like, everybody knows what we would have amended, but that leaves you without ever having to file papers with the court that say, we will amend to state that my client has a license, because if that were not true, there would be repercussions for that. And that's what's disquieting here, is your client has always avoided in any court papers attesting to having a license. Fisher Well, again, I think that stating that they were the appellant was engaged in the brokering of commercial real estate was, I will admit, was inartful. And we couldn't have said that if they didn't have a license. Kennedy Have you ever seen the license? Fisher Yes. Yes, Your Honor. And they are indeed licensed. And, you know, so there would have been no prejudice by allowing us to amend the complaint. Section 442d. Sotomayor What's troubling here is one would expect an attorney to say, look, we don't think we need to plead that under this statute, but here's our license, and plunk it down on the as part of the record. And through at least three court opportunities, you never have done that. So the record as it is before us is without any attestation to there being a license. Fisher And I would Sotomayor You want us to infer it from a statement that doesn't attest to it. Fisher And I would point out that section 442d does say that we must plead and prove. We would have had to prove that before we would have been able to recover anything at trial. My time is up. If you'd like to ask a question, Mr. Gershengorn, you can do so at the end of the hearing. I do believe that you hit the nail right on the head, Judge Raggi, not only did they not clearly state that they were licensed throughout the proceedings, they made every effort to argue why it shouldn't apply to them, and rather than just coming out and telling everybody, yes, we're licensed, here's our license. Kennedy What about what do you make of the statement by opposing counsel just now? He seemed to suggest that in his back pocket he's got the license. Fisher Judge, this is a statutory prerequisite, and it couldn't be any clearer in the law. If I came before this Court with a case where I sued the City of New York and I did not plead that I met the requirements of 50H, would you allow that complaint to continue? If I Kennedy Well, he wants to replead. Fisher What's that, Your Honor? Kennedy He wants to replead. Your Honor, he had every opportunity to ask for that. He could have done it as of right after we filed our brief, which the very first page says he didn't meet the statutory prerequisite. He could have filed any mention of it in his opposition. He could have submitted a letter to the Court after the fact. He could have done any number of things to do that. And I think, if you may, Your Honor, I just want to point out that this Court in Porat, the Lincoln Towers community, said that, a counsel plaintiff is not necessarily entitled to a remand for repleting whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured. And I would point out that Judge Raggi and Judge Cabranes have both cited that in their own decision, Food Holdings Ltd., the Bank of America Corp., in 2011, a similar case where plaintiff never put forth the proof. And, you know, it's important also to note, as you said, it's not in the record. And to the extent they're saying now that they are licensed, if we're going to go outside the record, we would say, too, that there's evidence that they may not have been licensed. And so I really don't think that it's appropriate for a counsel plaintiff not to present the proof when they should have, force us to come all the way up here to see you in order to make a statement that he should have made months and months and months ago. And I think that there are decisions on point. We cited a number of them which say that a counseled appellant who fails to do that shouldn't necessarily get the right to replete. And then, Your Honors, I would also just point out with respect to whether or not this is a real estate transaction, the, you know, the fourth allegation in their complaint is that all relevant times the appellant was engaged in the business of brokering commercial real estate deals. They then go on to say, we went out to find properties specific to a commercial client's demands with the intent of being compensated by the sellers based on a brokerage commission. If this is not a real estate, if the underlying purpose of this transaction is not real estate, I don't know what is, the only case that they cite in their brief to this Court for a different proposition is Ryder, and that's a court of appeals decision from 1968. I didn't catch this the first time or I would have put it in my brief, but in looking at it again, it's very clear that the court in that case was dealing with a situation where the Quantum Merowith Services, the repayment were being sought for the formation of an LLC to own property and for the sale of securities, or I'm sorry, a corporation, and for the sale of securities in that corporation. And the court, what the court basically said there is there's a difference between buying and selling securities and buying and selling real estate. So you could buy a corporation that owns real estate without being a licensed broker. You could buy stock in that company. That's a different transaction. And then if you look at the only other case that they cite to make their point that this is, that they can get around 442D somehow, in their original brief to the district court, they cited Koplowitz, a 2011 case out of the second department. If you look at that case, again, they're talking about the sale of an interest in a company that holds real estate. And they're saying in that case, yeah, you could possibly get around it, but on the fact, and what they did in the facts of that case is they said, actually, it doesn't apply here because this guy was going to be a principal in that company. It wasn't going to, it wasn't about selling the real estate that the company owned. And then just a few months, and then a month later, in 2011, the Second Circuit puts out Futures Act, which is cited in our briefs, and there they say it doesn't matter how you characterize it as a broker, a finder, whatever, if the dominant feature of the transaction is the sale of real estate, 442D applies. The only other point that I would like to make is their second argument. In this brief, they claim that the lower court specifically and squarely addressed the argument they've now raised that the allegation that they were engaged in the commercial real estate transactions in the complaint was sufficient to meet the statutory requirements of 442D. They did not raise that argument below. They continued throughout the entire process to argue that it didn't apply, rather than making any claim like that. Also, it's a false dichotomy, Your Honors. It's obvious that you could say you're a licensed real estate broker without actually being one. People do it all the time, and this statute is here to prevent people from doing things like that. Sotomayor. Is that the main reason why you don't think you owe them any money? Because you hired them and they weren't licensed? Or is there something more to this as to why you think your client gets the benefit of what they found without any obligation to compensate? It's a good question, Your Honor. I'm going to qualify my answer only because we never got to discovery in this stage. This is a large – these are two large companies I represent. We have no idea what 10 properties they're claiming they allegedly found that we bought. It's not in the complaint. I don't know. I don't have enough information to even tell you whether those properties are in New York or Massachusetts. He says he gave you 126 potential properties. We found 10 of them. He doesn't tell us what 10 they were. I don't know. And this information that he's brought to the Court today about us cutting him out of the deal, I would challenge you to find that in the pleadings. It's not in there. So I would say the reason we don't owe them money is because they haven't established that they're brokers. I don't know that they legitimately introduced us to any of the 10 properties. I don't even know what the 10 properties are. And more importantly, as they admitted in their brief to the district court, the only expectation for payment that they had in this case was from the sellers. Can I ask you what your view is of the reason they say they had a license? The lawyer said he's seen – he has actually seen the license. What would be the motive for not alleging it? And your view? Yes, Your Honor. So I – I mean, is there any kind of a strategic benefit to not alleging it? Yes, I believe there is, Your Honor. I believe one of the reasons that they may be doing this is that they don't want to be stuck with whatever contract terms they actually had with our clients. So they're claiming there was an engagement, right? When they initially filed this case, they said we were engaged by First Hartford to go out and find these sites. So we said, okay, if that's the case, tell us the terms of the alleged contract. And they said, no, there's no contract. We only want Quantum Merrillet. I believe it's possible that the contract that they are trying to get around has terms which are unfavorable, so they want to use a theory which they know they cannot use if they're also pleading breach of contract. I believe that's one thing. But I have pulled their – the license records for the principal of First Hartford Company from the Secretary of State. There are two-month gaps in every single one of the renewals that he filed for his on the license transcript. So I do believe there's a very good chance, Your Honor, that they were not licensed. I think they're trying to avoid a contract that they may not like. I can't tell you what those terms are because I don't even know what properties they're talking about. But there could be a strategic purpose. Yes, Your Honor. So you're saying they actually did have a license, but there were periods of time when the license was not in effect because it was not timely renewed? Every – if you look at the licensing transcript, every single time that they went to renew their license, they were two months late, at least as far back as you can see on the transcript. So there are periods where they weren't licensed, including periods that are involved in the complaint. And there's also case law out there, Your Honor, that they have to be licensed the entire time. So, yeah, I do think that there's something fishy here. And as we pointed out to the district court and the district court seemed to seize upon, this is a very simple thing to fix. It's one word in the complaint. They didn't do it. Not only did they not do it, they tried to come up with every single possible reason why they shouldn't have to. So I do think there's a good reason to doubt whether or not they can actually meet that requirement. Thank you, Mr. Rubin. Thank you, Your Honors. Mr. Simring, you've reserved two minutes. Yes, Your Honor. First of all, we've gone – you know, I've been accused of going outside the record. I believe that this discussion has gone very far outside of the record, which consists of a complaint, a motion to dismiss, and some responding papers. You take judicial notice of what's been filed with the Secretary of State. I understand, Your Honor. And that's what discovery is for. Again, 442D requires us to plead and prove. And that would be our burden to prove as we move forward. Finally, Section 440, Subdivision 1 of the Real Property Law, which I've given you in my brief, it lists a number of activities that require a license to – a broker's license. Identifying properties that match criteria is not listed as one of those – as one of those items that requires a license. If they had entered into negotiations on behalf of either the seller or the buyer, yes, then the licensing requirement would apply. So if there's nothing else, I'll waive the rest of my time. At the risk of going around and around on this question, you claim you have a license. Can you tell us again why you haven't pleaded it? What are we missing here? Probably a lapse on our part, to be completely candid. We didn't believe that it – that 442D applied. That might explain why you didn't plead it initially, but it doesn't explain why you've never pleaded it on any of the occasions when the opportunity has arisen, when you know that that's your adversary's charge against you. Then lapse just doesn't seem persuasive. Again, to quote Judge Cabranes, what are we missing? I don't have an answer to that. Okay. Thank you, Mr. Zimmerman. We'll reserve decision.